SECOND DIVISION
October 9, 2007

No. 1-06-1637

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 7603 |
| | ) | |
| JAMES PARKER, | ) | The Honorable |
| | ) | John J. Fleming, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (210 Ill. 2d R. 604(a)(1)) from a circuit court order granting defendant James Parker's motion to suppress physical evidence obtained when police entered and searched his house without a warrant, but with the consent of his live-in girlfriend, Diana Grisham. On appeal, the State contends that police had valid consent to search the premises because Grisham signed a consent-to-search form, defendant was not physically present when she gave that consent, and he did not expressly object to the search. For the reasons stated below, we reverse the trial court's ruling on defendant's motion and remand this case for further proceedings.

Defendant was charged with possession of a controlled substance and possession of a controlled substance with intent to deliver. He subsequently filed a

motion to quash his arrest and suppress evidence in which he claimed that he was a passenger in a vehicle that was stopped by police for the sole purpose of conducting a narcotics investigation. Defendant argued that the officers did not have a valid reason to stop the vehicle, and that the search and seizure were unlawful because police lacked a search or arrest warrant, no exigent circumstances existed, the search was not incident to or contemporaneous with a valid arrest, and consent was given as a submission to a show of authority. Defendant further argued that because the search and seizure were illegal, the alleged illegal substance recovered from his person and any statements he made to police should be excluded from evidence.

At a hearing on his motion, defendant testified, contrary to the facts in his motion, that about 12:10 a.m. on February 26, 2006, he was sleeping in his bed with his 11-month-old daughter when he awoke and saw three or four police officers in his bedroom pointing their guns at him and his baby. One of the officers held a piece of paper in front of his face and explained to him that it was a consent form that Grisham had signed giving them permission to search the house. Defendant denied that he consented to the search and said that the police did not show him a search or arrest warrant. Defendant testified that police brought him to his front room, then searched his house and found crack cocaine.

Defendant further testified that he and Grisham had lived together in the house for two years, and that they shared the bedroom and dresser drawer from which police recovered drugs and money. Defendant acknowledged that while he was sleeping in the bedroom, he was only a few feet away from the dresser.

After the defense rested, the State announced that it was going to call Chicago police officer Smith to testify, at which time the trial court intervened stating "[m]aybe I can cut this short." Pursuant to the court's questioning, the State acknowledged that the officer would testify that defendant was sleeping and that only Grisham consented, but asserted that the testimony would also show that defendant never objected to the search, and that Supreme Court case law supported the State's argument. The trial court ruled that it was granting defendant's motion based on Supreme Court case law holding that one person cannot consent for another. The court found that to require someone who is sleeping to object to another's consent goes against the spirit of the Supreme Court's ruling. It further stated that one person cannot consent to a search of a home when another person is inside, and found that where defendant was sleeping, he did not have an opportunity to consent or object to the search.

The State argued that defendant had an opportunity to object when the officers woke him, to which the court replied that its ruling could be appealed and suggested that it might "get some direction from the Appellate Court." The court further found that defendant did not have to assert an objection, that his consent had to be shown, and that the United States Supreme Court had held that one person cannot consent over another's objection. The trial court stated that the "stipulated facts" in this case were that defendant's live-in girlfriend signed a consent form, that defendant was sleeping when she gave her consent, that he did not consent to the search, and that he did not object to the search because he was sleeping. The court then ruled that the police could not rely on Grisham's consent to search a room where defendant was located

without his permission.

The State asked if defense counsel would stipulate to the police officer's testimony, including that defendant was found asleep, he was woken and taken to the living room, and at no time did he object or say that he was not consenting to the search of the shared bedroom. The court responded that it had already stated the findings of fact and that there was a stipulation, to which defense counsel replied "[t]hat's correct." The State clarified that the stipulation included that defendant had never objected after being woken, and counsel replied "[r]ight. They were already in the house when he was woken up." The trial court again stated that defendant could not object because the officers were already inside the house conducting the search, and granted defendant's motion to quash his arrest and suppress the evidence.

On appeal, the State contends that the trial court erred when it granted defendant's motion because the police had secured a valid consent to search the premises when Grisham, who lived in the home with defendant, voluntarily signed a consent-to-search form. The State asserts that the trial court misinterpreted the United States Supreme Court's holding in Georgia v. Randolph, 547 U.S. 103, 164 L. Ed. 2d 208, 126 S. Ct. 1515 (2006), and that the instant case is factually distinct from Randolph because here, defendant was not physically present when Grisham gave her consent to search, and defendant never voiced an objection to the search. The State requests this court to reverse the trial court's ruling on defendant's motion and to remand the case for trial.

Defendant contends that the search was unreasonable because he was awoken

and seized at gunpoint by police, informed that they had consent to search, then removed from the room, depriving him of an opportunity to object to the search. The State replies that it is uncontested that Grisham gave police a valid consent to search the house, and that defendant's argument is against Supreme Court precedent set by Illinois v. Rodriguez, 497 U.S. 177, 111 L. Ed. 2d 148, 110 S. Ct. 2793 (1990), and United States v. Matlock, 415 U.S. 164, 39 L. Ed. 2d 242, 94 S. Ct. 988 (1974).

Our review of the trial court's ruling on defendant's motion to quash and suppress presents questions of both fact and law. People v. McCarty, 223 Ill. 2d 109, 148 (2006). The court's factual findings will not be disturbed unless they are against the manifest weight of the evidence, while the court's ruling on the motion is a question of law which we review *de novo*. McCarty, 223 Ill. 2d at 148.

The fourth amendment of the United States Constitution, which applies to the states through the fourteenth amendment, protects all citizens from unreasonable searches and seizures in their homes. U.S. Const., amend. IV. Generally, police must obtain a search warrant supported by probable cause before they can search a person's home (People v. Lampitok, 207 Ill. 2d 231, 243 (2003)), and searches conducted without such a warrant are presumptively unreasonable (Randolph, 547 U.S. at 109, 164 L. Ed. 2d at 218, 126 S. Ct. at 1520). An exception to this rule exists where police obtain voluntary consent to search the home from either the defendant, or from a third party who possesses common authority over the premises. Matlock, 415 U.S. at 171, 39 L. Ed. 2d at 249-50, 94 S. Ct. at 993.

The Supreme Court has held that when one person who has common authority

over the premises consents to a search, his consent is valid against an absent, nonconsenting person who shares that authority. Matlock, 415 U.S. at 170, 39 L. Ed. 2d at 249, 94 S. Ct. at 993. However, although a co-tenant gives his consent, a search will be found unreasonable as to a defendant who was physically present at the scene and expressly stated his refusal to allow police to enter and search the premises. Randolph, 547 U.S. at 106, 164 L. Ed. 2d at 217, 126 S. Ct. at 1518-19.

In Matlock, the defendant was arrested in his front yard and placed in a police car, after which his live-in girlfriend gave police her consent to search the bedroom they shared, in which evidence was recovered. Matlock, 415 U.S. at 166, 39 L. Ed. 2d at 247, 94 S. Ct. at 991. The Supreme Court found that the co-tenant's voluntary consent to the search made it reasonable as to the defendant, who was not present to object to the search, although he was in a nearby squad car. Matlock, 415 U.S. at 177, 39 L. Ed. 2d at 253, 94 S. Ct. at 996.

In Rodriguez, the defendant was asleep in the bedroom when his apparent live-in girlfriend gave police her consent to enter the apartment to arrest him for assaulting her, at which time police recovered drugs and related paraphernalia that was in plain view. Rodriguez, 497 U.S. at 179-80, 111 L. Ed. 2d at 155-56, 110 S. Ct. at 2796-97. The Court found that if the police reasonably believed that the woman had the authority to consent, then their entry into the apartment was reasonable. Rodriguez, 497 U.S. at 189, 111 L. Ed. 2d at 161, 110 S. Ct. at 2801.

Reflecting on its prior decisions in Matlock and Rodriguez, the Randolph court acknowledged:

"we are drawing a fine line; if a potential defendant with self-interest in objecting is in fact *at the door and objects*, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the *threshold colloquy*, loses out." (Emphasis added.) Randolph, 547 U.S. at 121, 164 L. Ed. 2d at 226, 126 S. Ct. at 1527.

Here, we find that the warrantless search of defendant's home was reasonable and did not violate his fourth amendment rights where police had secured a voluntary consent to search the premises from the co-tenant in defendant's absence. Similar to the defendant in Rodriguez, defendant in this case was sleeping in the bedroom when Grisham, his live-in girlfriend, gave police her consent to enter and search the home that they shared. Although defendant was present nearby, he was not present at the threshold colloquy where Grisham gave her voluntary consent. Due to his absence at that point, defendant could not object when police entered his home and began their search. Following the reasoning of the Randolph court, defendant "lost out" on his opportunity to do so. We further note that the record contains no evidence that defendant ever expressly voiced an objection to the search, even after being confronted by police in the bedroom.

In addition, we reject defendant's argument that the search was unreasonable because he was deprived of his opportunity to object. In order for defendant to override Grisham's consent, it was necessary for him to be present "at the door" and expressly object to the search when police entered his home. There is no evidence in

the record that the police removed him from the "entrance" to avoid his possible objection. Randolph, 547 U.S. at 121, 164 L. Ed. 2d at 227, 126 S. Ct. at 1527. Moreover, the Supreme Court explicitly rejected the notion that the police should be required "to find a potentially objecting co-tenant before acting on the permission they ha[ve] already received," as doing so would turn every co-tenant consent case into an examination of the adequacy of the efforts of police to consult with a potential objector. Randolph, 547 U.S. at 122, 164 L. Ed. 2d at 227, 126 S. Ct. at 1527-28. Accordingly, we find that defendant's motion to quash his arrest and suppress the evidence should have been denied.

For these reasons, we reverse the ruling of the circuit court of Cook County and remand this case for further proceedings.

Reversed and remanded.

THEIS and CUNNINGHAM, J.J., concur.